Good morning, Your Honors. Good morning. In this case... Would you introduce yourself for the record, please? Mark Wideman for the Plaintiff, Captain Pesqueira. Mark Wideman. If it would please the Court, I would proceed with argument. Yes, you may. Please. Thank you. In this case, the summary judgment motion was decided on the basis of the Court contending that res judicata apply. And in this case, res judicata does not apply because the issues decided in the prior action, Captain Pesqueira's writ of mandate, are different than the issues decided in this action. In the writ of mandate, Captain Pesqueira was seeking to assert his procedural rights. And the only issue that was decided, that was brought and decided in the petition for writ of mandate, was the issue of whether Chief Bratton should be the final reviewer of the administrative hearing. Would it have been possible for the issues raised here to have been brought in that proceeding? I don't think so. I don't think a petition for writ of mandate is something that allows you to start bringing a 1982 action. That's just to compel the petition for the mandate is just to compel the city to take certain actions that are legally required. It doesn't allow them to start giving emotional distress damages, for example. And also on that issue, the Pitt case. Sorry, I don't have the site there. But whether it's possible or not, I don't think would be. Even if it was possible, I don't think that would require them to do it. You're not required to bring every different cause of action in one proceeding. That's not what res judicata requires you to do. It goes to the remedies for one cause of action. For example, in defendant's case, the Mycogen case, they brought the same cause of action twice, the breach of contract. And so they're res judicata apply because you can't bring the same cause of action twice. But I don't think there's anything that requires you to bring different cause of action in one proceeding. Counsel, there's no question, but your client was a party to the prior litigation, and there was a final judgment on the merits. Why isn't this the same primary claim, the same First Amendment claim? It's not, because similar to the Craig v. Count case, the issue in the underlying case, the petition for writ of mandate, was just what happened. Let me just explain why he brought it. Captain Pascara, they demoted him, and he wasn't provided any administrative hearing. So it's basically a procedural due process claim, and this one's a First Amendment claim. Yes, exactly. And so since he didn't get a hearing, but then what happened, he brought the petition for writ of mandate. But then what happened is the city actually proposed providing the hearing, but they wanted Chief Bratton to be the final reviewer. And Captain Pascara, thinking that was the fox guard in the hen house, because Chief Bratton was the one that was the wrongdoer in the first place, wanted that issue decided. So the ultimate issue in the petition for writ of mandate was just whether Chief Bratton should be the reviewer or not of the administrative hearing. Now, in the subsequent case, it's different, because he then brought a 1982 action. And the damages are completely different, emotional distress, loss of wages. And that's, like I said, that's similar to the Craig v. Count case, where they first brought a writ of mandate to compel compliance with a commission's order to hire the plaintiff. They said, hey, city, you've got to hire the plaintiff. Then the plaintiff brought a subsequent action for damages, for civil rights violations, for intentional infliction of emotional distress. And the court found that those were not the same primary right. They're different primary rights, because one was just took the right to the job. The second was the damages for it. Counsel, on the merits of your case, why is the claim not barred by the Supreme Court's decision in Garcetti? OK. Well, a couple of things as a precursor to that. First, that issue wasn't briefed or brought up in the original pleadings or the opposition. So we didn't even get a chance in the underlying court to really address that issue, either factually develop it or legally develop it. And the reason it's not – so one, I think it's waived at this point. Maybe it should be sent back for a decision on it. But second of all, it was part of – the issue, I think, under Garcetti is whether or not it's part of someone in his job duties, whether he's bringing the speech as part of his job duties or whether it's as a public citizen. Now, Captain Pescara's job duties, he was required to oversee Captain Ortega. He was required to mentor Captain Ortega. As Chief Bratton said, he was required to maybe report to a supervisor problems. But he was not required as part of his job to make a complaint pursuant to a consent decree. On page 503 of the record is the provision regarding the consent decree. And this complaint form, 1.28.0, is a complaint form for members of the general public, including LAPD employees. And so this complaint form with the free speech is one that Captain Pescara could do or anyone could do. And what happened – and even Chief Bratton testified, and that's on page 103, that that was an option for Captain Pescara. What happened was obviously the city police department was having problems because people were making complaints and they were either getting ignored or they were being retaliated against. So they entered in this consent decree to have some kind of process for citizens, including LAPD employees, to make complaints and have the LAPD be required to investigate them with oversight from the federal committee. So this complaint was pursuant to the federal consent decree and was an option that Captain Pescara, along with every other citizen, did. So it was not part of his job. It was not something he was required to do. Counsel, I was struck by your statement, and I hope I got it right, that the Garcetti issue was not briefed. Is that what you said? At trial court? No, yes, it was not briefed. I think it happened – But it was briefed here. Yes. What happened was they submitted a – It seems to me that since it was briefed rather extensively by the other side, by the city here, I think you have to respond. Yes, and I am. And I have. But the problem was in the underlying court, the Garcetti case came down after the summary judgment was briefed, and they submitted a letter to the court, but we didn't get a chance to respond. Just saying, hey, here's the Garcetti case. Was it decided before the district court order in this case that's on appeal? Yes. Yes, it was. It was kind of after the briefing was done and in between the order, so there was just a letter sent in. The summary judgment motion made by the city in the trial court, did it assert as an alternative basis for the summary judgment that you should lose on the merits, even without citing Garcetti? Did it have as an alternative that there was no merit to the claim as a matter of law? It had that, I believe it had that generally, but it didn't have the basis that this argument in Garcetti, this argument that he wasn't acting as a public, he was acting just pursuant to his duties and not acting as a public citizen. It didn't have that aspect of it. But I think generally it had that we didn't have a proper 1983 claim. So I'm sorry. Counsel, you're down to about a little over a minute. You can reserve or you can still use it if you like. Okay. Just one thing on the statute of limitations argument. One thing that wasn't mentioned in the briefing is that the letter telling my client that he was demoted said that it would be effective May 21st, 2005. And so the statute wouldn't run until May 21st, 2003. So the statute wouldn't run until May 21st, 2005. What was the date of the actual letter, though? The letter was 4-18-03, but the actual action wouldn't take place until May 21st, 2003. And Patent Pass Square didn't get the letter on the date that it was provided. And so that is on page 821, Volume 3, where the actual demotion wouldn't take place until May 21st, 2005. I'll reserve any time I have left. Thank you very much. You may do so. We'll hear from the city. Good morning, Paul. Winnie Moore on behalf of the respondents, City of Los Angeles et al. Any pleas in court? No. Appellant's First Amendment claim is simply another theory to obtain relief for the same injury that was alleged in the state court proceedings. Well, it has to be the same claim. Isn't that your burden on re-adjudicating? No, it's the injury. It's the injury. If a person brings a cause of action to recover for an injury in a prior case and attempts to re-litigate that same injury under a different theory, Micogen says that that's barred by res judicata. I'm not a California lawyer, and I find it very difficult to follow the California concept of res judicata, but it seemed that the initial action was all about procedure and that he could have gotten complete relief by obtaining a different procedure. And here he's complaining about the substance of the decision, not a procedural right. And so why under California law would that not be different or a different primary right, one a procedural right, one a substantive right? I understand that that's the appellant's theory. And I'm asking why that isn't correct. That isn't correct because it's the injury that you're seeking relief for. That's the primary right. Well, in one case, the injury is not having the correct person make a decision. In the other case, the injury is being demoted. I think the injury in both instances is the fact that he was demoted because Well, that's how a lot of states would look at it. Aside from the fact that he was demoted, it didn't matter who the decision-maker was. The fact is he was demoted. That's what he is complaining about. He's demoted and then reassigned. Well, that's what he's complaining about in this action, but in the previous action I thought he was complaining about who made the decision and by what process. That's part of what he's complaining about, but the injury, again, is that he was demoted and transferred. And in the amended writ and complaint, I think it's fairly clear that that is the injury that he was seeking to vindicate. It was the demotion. That's the injury. So, under Raise Free to Call under California law, we look to the injury. Whether it's a different theory, it doesn't matter. Whether it is a different type of relief is not dispositive. In the first proceeding, it was injunctive relief. Here, it's damages. That does not come into the picture. The question is, is it the same injury? And here it is the same injury. It's the fact that he was demoted. He went from a Captain 3 to Captain 1, and that is the injury that he's complaining about. The fact that his procedural in 1 was part of the procedural in 1, he's still trying to recover somehow for that injury. And I would point out as well that the first action was not only a writ proceeding, but it was a writ and a complaint. It was both. I had another question also. On the statute of limitations issue, was that raised in a timely fashion in the trial court? I'm not sure that that was raised other than by way of an answer. I'm not sure that was briefed in the ‑‑ It was not a ground for summary judgment. It was not. Okay. It was not a basis for summary judgment. You did not ‑‑ let me rephrase that. In your motion for summary judgment, was the statute of limitations one of the grounds upon which you relied? I don't believe so. Okay. Counsel, if we don't agree with you on the re-adjudicator argument, what about Garcetti? It is barred by Garcetti because he has not established a prima facie case. And even prior to Garcetti, the rule was to establish a prima facie case, it has to be speaking about a matter of public concern, especially when you're dealing with a situation where it is a public employee. The Thomas v. City of Beaverton case, that's a 2004 case, Ninth Circuit case, and the first element is, was the speech constitutionally protected because it addressed a matter of public concern? And here, the speech did not address a matter of public concern. Well, does it matter that the Ninth Circuit law changed? The Supreme Court reversed us in Garcetti. I think that we can apply the Garcetti rule to this case now. Now. But the case ‑‑ is there a fairness issue, let's say? The case was tried on pre-Garcetti law, was it not? Wasn't that the approach taken by your opponent? Yes, of course it was, because Garcetti had not been decided. But even when we look at the facts of this case, it's clear that we're not dealing with a captain who has made some kind of speech or taken some kind of action as a matter of public concern outside his job duties. Clearly, his job duties. At the time that he filed the complaint, it was in regards to a subordinate. He was a superior officer. So arguably, it might have been consistent with our Roth case at that time, or at least existing Ninth Circuit law. So whatever Garcetti did, it didn't change the specific law so far as the facts in this case are concerned? Not with respect to it being a matter of public concern. Certainly, Garcetti would be on point, because the plaintiff in that case was a public employee, a member of the district attorney's office. So obviously, when you're dealing with First Amendment claims versus a public entity, a public employee, there's always going to be a difference between a person who is employed by a private entity. And here, the fundamental question, the first element, is whether or not it's a matter of public concern. And any speech that the appellant had in this case was not. Counsel, this is a similar question to my question about the statute of limitations. Did you raise this issue, whether Garcetti by name or the idea that the speech was not on a matter of public concern, as a ground for summary judgment? No. Was res judicata the only ground that you asserted? I don't recall if that was the only ground, but that certainly was the ground that the district court... The reason I'm asking the question is that ordinarily, if a party says I'm entitled to summary judgment for three reasons and the district court picks one and we pick number two, we can do that. But if there's only one reason asserted by the party and ruled on, then normally we can't just kind of pick up the cudgel for the party that didn't raise the issue. That's why I'm asking the question. What were the grounds that you relied upon for your motion for summary judgment? I certainly know that res judicata was the primary issue, Your Honor. I don't have either of the facts. Just for the sake of this question, because I didn't go back and look this up myself either, which I could have done, but if res judicata was the only ground that was raised in your motion and if we were to disagree with you on that, wouldn't we have to send the case back and there could be further motions or whatever, but how could we decide it on a ground that wasn't even raised below? Well, I could see that with respect to perhaps Garcetti, but again, we're dealing with a prima facie case. There has to be facts on the face of the complaint. But if a party doesn't have an opportunity to respond to a motion by putting in evidence or other methods, then how would that be fair to decide a summary judgment on appeal on a ground that was never raised in the trial court? And I appreciate your question and would have to concede that that is probably correct. With respect to the statute of limitations issue, that was raised at least by way of briefing and I think the record is clear that he received notice of the downgrade two years and three days prior to the time he filed his complaint in this action. But the district court didn't rule on the statute of limitations, did it? Or on the merits? It did not. All right. My argument is that that would be an alternative basis based on the pleadings, based on the facts that are uncontested for this court to rule in alternative to the raised judicata. All right. I just want to make one other point. Ten seconds. Is that, again, the original action was a writ of mandate and a complaint. And under Micogen, he was required to bring all causes of action that relate to the injury. All right. Thank you, counsel. Mr. Weideman, you have less than half a minute. Thank you, Your Honor. I think the point that is correct and it's part of our argument that we didn't get a chance to brief or argue either the Garcetti issue or the statute of limitations. But this was a matter of public concern. This issue of complaints had been. Well, wasn't the public concern an issue? I mean, you didn't bring Garcetti, of course, but to what extent was it already raised? The issue that whether he was bringing this as a member of just his job or as a member of public was not raised, briefed, or addressed. But this issue was a matter of public concern, which was a little bit of a different argument, because this was part of a federal consent decree, and he was making a complaint that was available to the general public, and he was making that avenue, which was separate and apart from his job. So, anyway, thank you very much. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Gibson